UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEONELA MATEO                                              CIVIL ACTION

VERSUS                                                     NO. 15-1244

STATE FARM INSURANCE                                       SECTION "C" (4)
COMPANY

### Order and Reasons

Before the Court is plaintiff Leonela Mateo's motion to remand the instant case to state court. *See* Rec. Doc. 13. Defendant State Farm Insurance Company opposes the motion. *See* Rec. Doc. 15. For the following reasons, the Court orders the parties to submit supplemental briefing on the issue of whether the amount in controversy in this case satisfies jurisdictional requirements.

### I.   Background

Plaintiff's state court suit against defendant was originally removed to the Court on October 23, 2014. *See* Civ. A. 14-2437, Rec. Doc. 1. Finding that defendant had not met its burden to show that the amount in controversy exceeded $75,000, the Court remanded. *See* Civ. A. 14-2437, Rec. Doc. 8. On April 20, 2015, defendant once again removed plaintiff's suit to the Court. *See* Rec. Doc. 1. Defendant contended that in the weeks following the Court's remand order, plaintiff delivered to defendant a response to defendant's interrogatories that states that plaintiff seeks $80,000 in damages. *See id.* at 3. That response states only that the amount of damages sought is $80,000 without any additional detail. *See* Rec. Doc. 1-4 at 7.

On October 2, 2015, almost six months after defendant once again removed the suit, plaintiff filed a motion to remand. *See* Rec. Doc. 13. In a three-page memorandum, which recites only the procedural posture from Civil Action 14-2437, plaintiff contends that "[defendant] has

1

presented no evidence nor has it pointed to anything in the record that proves by a preponderance of the evidence the required jurisdictional amount." *See id.* at 3. Plaintiff concludes with the following: "Plaintiff is not arguing that the proof is inadequate. She argues that it is non-existent." *See id.*

## II. Discussion

The Court begins by noting that, after signing an interrogatory response stating that plaintiff seeks over $75,000 in damages, plaintiff's counsel then filed a cursory motion effectively stating just the opposite and making no reference to defendant's grounds for removing the suit. *See generally* Rec. Doc. 13. This alone, however, does not settle the matter, in part because the parties cannot consent to subject matter jurisdiction and in part because the Court may sua sponte ensure that subject matter jurisdiction exists. *See Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848, 850 (5th Cir. 1999). Where, like here, the face of a plaintiff's complaint does not allege the specific amount of damages, the party invoking jurisdiction must prove the amount in controversy exceeds $75,000 by a preponderance of the evidence. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also* Rec. Doc. 1-6. The party invoking jurisdiction meets that burden by presenting "summary judgment type evidence." *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002).

Here, the Court is not satisfied that the bare assertion that plaintiff seeks $80,000 in damages—without any accompanying detail—constitutes the summary judgment type evidence needed for the Court to conclude it has jurisdiction. As discussed in the Court's order in Civil Action 14-2437, the face of plaintiff's complaint merely states that she suffered an auto theft and "personal injuries, mental anguish, inconvenience, and sustained financial losses." *See* Rec. Doc.

1-6 at 3; *see also* Civ. A. 14-2437, Rec. Doc. 8. Plaintiff's complaint also states that defendant "received adequate proof of loss demonstrating petitioner's damages," yet defendant's second notice of removal cites only plaintiff's response as establishing adequate proof of the jurisdictional amount. *See id.* at 3–4; *see also* Rec. Doc. 15. Without a stronger showing of summary judgment type evidence, the Court will not readily conclude that it actually has jurisdiction. As such, the Court orders the parties to provide additional briefing and any supporting evidence on the amount in controversy.

Accordingly,

IT IS ORDERED that the parties shall submit supplemental briefing on the issue of whether the required amount in controversy existed at the time of removal by 4:30pm on December 2, 2015.

New Orleans, Louisiana, this 20th day of November, 2015.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**